IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ileka L. Leaks, ) | C/A No. 7:17-cv-00935-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Limestone College; Walt Griffin, *President* ) | |
| *(In His Official Capacity)*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Motion to Dismiss filed by Defendants. ECF No. 5. Defendants seek to have Plaintiff's race discrimination and retaliation claims dismissed on the basis of res judicata. ECF No. 5. Plaintiff filed a Response in opposition to the Motion to Dismiss, ECF No. 13, and Defendants filed a Reply. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), Defendants' motion was referred to a Magistrate Judge for consideration. The Magistrate Judge issued a Report and Recommendation ("the Report") recommending that the Defendants' motion to dismiss be granted. ECF No. 18. Plaintiff filed Objections to the Report, ECF No. 19, and Defendants filed a Response to Plaintiff's Objections. ECF No. 20. Having reviewed the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the Report and fully incorporates it into this Order.

I. **Background/Procedural History**

Plaintiff, an African American female, began working for Defendant Limestone College ("Limestone") in August 2011 as Director of Career Services. ECF No. 1 at 1–2. Since that time, Plaintiff has also taught five to six classes each semester at Limestone. ECF No. 1 at 1.

1

On December 21, 2016, Plaintiff filed a lawsuit in the Cherokee County Court of Common Pleas ("the State Court Action"), alleging that Defendants added another instructor to the course instructor rotation, elevated that instructor to a higher level of seniority with more classes to teach than Plaintiff, and changed Plaintiff's classification to a non-exempt employee[1] to reduce her course load. ECF No. 5-1 at 2–6. The State Court action asserted causes of action for breach of contract, breach of contract with fraudulent intent, and retaliation. ECF No. 5-1 at 6–9. On March 15, 2017, Plaintiff filed a joint stipulation of dismissal with prejudice in the State Court Action as to all defendants. ECF No. 5-2.

On April 11, 2017, Plaintiff filed the instant action, bringing claims under 42 U.S.C. § 1981 for race discrimination and retaliation. ECF No. 1 at 4–6. The substance of Plaintiff's Complaint relates to the same subject matter addressed in the State Court Action—i.e., Defendants' alleged favoritism of another course instructor, reduction of Plaintiff's course load, and classification of Plaintiff as a non-exempt employee. ECF No. 1. In her Report recommending the grant of the Defendants' Motion to Dismiss, the Magistrate Judge found that Plaintiff's claims in the instant case should be dismissed because they are barred by res judicata. ECF No. 18.

## II.  Standard of Review

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The Report has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. Parties are allowed to make a written objection to the Report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). From

---

[1] Plaintiff's allegations in this regard relate to classification under the Fair Labor Standards Act.

the objections, the Court reviews de novo those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. *Id.*

### B. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Under Rule 12(b)(6), a claim should be dismissed if it fails to state a claim upon which relief can be granted. To that end, the Court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the Court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. Analysis

As referenced above, Defendants' Motion to Dismiss argues that Plaintiff's claims should be dismissed because they are barred by res judicata. Res judicata bars litigation of claims that were litigated or could have been litigated in an earlier suit. *Nevada v. United States*, 463 U.S. 110, 130 (1983). To determine the preclusive effect of a state court judgment, federal courts look to state law. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008). Under South Carolina law, res judicata requires proof of three elements: "(1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit." *Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999). In her objections, Plaintiff only contests the latter two elements and claims that application of res judicata would be fundamentally unfair.

Plaintiff first argues that the claims in the instant case and the claims in the State Court Action do not arise from the same "transaction or occurrence." Specifically, Plaintiff claims that the subject matter of these two lawsuits differs because the State Court Action "centers around Defendants breaching their contract with [Plaintiff] whereas the crux of [the instant case] rests on Defendants' intentional targeting of Plaintiff with respect to the terms and conditions of employment whether a contract existed or not." ECF No. 19 at 5. Plaintiff then points to a bullet-pointed list of five new facts alleged in this case that were not raised in the State Court Action. ECF No. 19 at 5–6. After reviewing the operative complaints, this Court overrules Plaintiff's objection. As the Magistrate Judge recognized, "[b]oth cases arise from a change to the terms and conditions of Plaintiff's employment, and the same underlying facts are alleged in both actions. Indeed, the factual allegations in both complaints are largely identical." ECF No. 18 at 6. The lack of a race discrimination claim in the State Court Action does not alter this Court's conclusion,

### III. Analysis

As referenced above, Defendants' Motion to Dismiss argues that Plaintiff's claims should be dismissed because they are barred by res judicata. Res judicata bars litigation of claims that were litigated or could have been litigated in an earlier suit. *Nevada v. United States*, 463 U.S. 110, 130 (1983). To determine the preclusive effect of a state court judgment, federal courts look to state law. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008). Under South Carolina law, res judicata requires proof of three elements: "(1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit." *Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999). In her objections, Plaintiff only contests the latter two elements and claims that application of res judicata would be fundamentally unfair.

Plaintiff first argues that the claims in the instant case and the claims in the State Court Action do not arise from the same "transaction or occurrence." Specifically, Plaintiff claims that the subject matter of these two lawsuits differs because the State Court Action "centers around Defendants breaching their contract with [Plaintiff] whereas the crux of [the instant case] rests on Defendants' intentional targeting of Plaintiff with respect to the terms and conditions of employment whether a contract existed or not." ECF No. 19 at 5. Plaintiff then points to a bullet-pointed list of five new facts alleged in this case that were not raised in the State Court Action. ECF No. 19 at 5–6. After reviewing the operative complaints, this Court overrules Plaintiff's objection. As the Magistrate Judge recognized, "[b]oth cases arise from a change to the terms and conditions of Plaintiff's employment, and the same underlying facts are alleged in both actions. Indeed, the factual allegations in both complaints are largely identical." ECF No. 18 at 6. The lack of a race discrimination claim in the State Court Action does not alter this Court's conclusion,

as it is axiomatic that res judicata "bars plaintiffs from pursuing a later suit where the claim (1) was litigated or (2) *could have been litigated*" in the prior suit. *Catawba Indian Nation v. State*, 407 S.E.2d 900, 906 (S.C. 2014) (emphasis added) (citing *Crestwood Golf Club, Inc. v. Potter*, 493 S.E.2d 826 (S.C. 1997)).

Plaintiff's second objection, concerning whether there had been an adjudication of the issue in the State Court Action, must also be overruled. The law is clear that a dismissal with prejudice "acts as an adjudication on the merits and therefore precludes subsequent litigation just as if the action had been tried to a final adjudication." *Laughon v O'Braitis*, 602 S.E.2d 108, 111 (S.C. Ct. App. 2004) (citing *Jones v. City of Folly Beach*, 483 S.E.2d 770, 773 (S.C. Ct. App. 1997)). Put differently, "[i]n a subsequent action involving the same subject matter, the dismissal finally settles all matters litigated in the earlier proceedings, and all matters which might have been litigated therein." *Id.* at 111–12 (citing *Nunnery v. Brantley Constr. Co.*, 289 S.E.2d 740, 743 (S.C. Ct. App. 1986)).

Finally, Plaintiff asks this Court to reject a rigid or mechanistic application of the doctrine of res judicata in order to avoid unfairness or injustice. ECF No. 19 at 7. Equity, however, "aids the vigilant, not those who sleep on their rights." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789 (4th Cir. 2001). Plaintiff had the opportunity to litigate her claims fully in the State Court Action, or to bring a federal court action initially. Instead, she chose to dismiss the State Court Action and refile in federal court. The doctrine of res judicata, informed by goals of judicial economy, cannot countenance allowing this case to proceed. Dismissal in this case is justified under the facts of this case and the prevailing law and is in accord with a number of other cases decided in this District. *See, e.g., Terrill v. Limestone College*, No. 17-943-TMC, 2017 WL 4923726 (D.S.C. Oct. 31, 2017) (dismissing similar claims alleged against the same Defendants

under near identical circumstances); *Gilliam v. Resolute FP US, Inc.*, No. 17-118-MBS, 2017 WL 4173598 (D.S.C. Sept. 21, 2017) (dismissing a race discrimination claim brought in a subsequent federal lawsuit); *Weston v. Margaret J. Weston Med. Ctr.*, No. 05-2518-RBH, 2007 WL 2750216 (D.S.C. Sept. 20, 2007) (dismissing a federal action alleging a cause of action under the Age Discrimination in Employment Act, which was filed after the same plaintiff prevailed on a number of state law claims related to the same employment issues).[2]

## IV.   Conclusion

After a thorough review of the Report and the entire record in this case, the Court adopts the Magistrate Judge's Report.  Accordingly, Defendants' motion to dismiss is GRANTED.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.<br>United States District Judge

January 30, 2018
Spartanburg, South Carolina

---

[2] The Court notes that each of these cases was brought by the same attorney that represents the Plaintiff in this case.